**WALDORF SYSTEM, Inc., v. M. Mc-DONOUGH CO.**

No. 3249.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

Frank H. Stewart, of Boston, Mass. (Francis X. Daly, of Boston, Mass., on the brief), for appellant.

Harry Shapiro, of Boston, Mass. (Alexander G. Gould, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the claimant from an order of the District Court disallowing the claim of Waldorf System, Inc., against M. McDonough Company in reorganization proceedings of the latter under section 77B of the Bankruptcy Act, as amended, 11 U. S.C.A. § 207. The case is here on direct appeal and also on a petition to this court for leave to appeal under section 24b, as amended 11 U.S.C.A. § 47 (b), which is hereby granted. The case was referred to a special master who reported against the claim. The facts are as follows:

The Agawam Racing & Breeders Association, Inc., contracted with the McDonough Company to build a race track on property near Springfield, Mass. It also contracted with Allen & Co. of New York to underwrite its securities. Outside this Allen agreement, the Agawam Association borrowed $147,500 from Waldorf System, Inc., for which amount it gave its notes amounting to $142,500, secured by $147,500 face value of its bonds and 1,000 shares of its stock, as well as by the underwriting agreement. In September, 1935, while the construction work was in progress and nearing completion the McDonough Company needed cash for its payrolls. Allen & Co. at this time had sent to Agawam about $85,000, proceeds from the sale of bonds, but with the restriction that said sums should not be paid out by Agawam until the latter's indebtedness to Waldorf was liquidated. In this situation conferences took place which were participated in by the three corporations. As a result of them Waldorf turned back to Agawam the bonds, stock, and underwriting contract which it had received as collateral security for its loan, and Agawam turned over the bonds and stock to the McDonough Company, receiving in exchange a promissory note of the McDonough Company in the amount of $147,500 payable to Agawam with the bonds and stock as collateral to it. Agawam then transferred the note and collateral to Waldorf, indorsing the note without recourse, and Waldorf surrendered and canceled the

Agawam notes which it held. In this way the conditions imposed by Allen & Co. on its payment to Agawam were met, Agawam's indebtedness to Waldorf being extinguished, and the Allen funds were made available to Agawam for the McDonough Company pay rolls. There is no dispute about the foregoing facts.

The master found and ruled:

"Under all the circumstances, where the Waldorf Systems, Inc., had full knowledge, I find that the M. McDonough Co. allowed itself to be substituted for the Agawam Racing & Breeders Association, Inc., in the indebtedness due to the Waldorf Systems, Inc., and that this was an accommodation to the Agawam corporation. I therefore would recommend that the claim of the Waldorf Systems, Inc., against M. McDonough Co. for the amount due on this note be disallowed."

The appellant insists that this finding is clearly wrong both in fact and in law. It is not based on any evidence or understanding of the parties, but is the master's interpretation of the transaction above stated.

█ It is clear that when the collateral held by Waldorf was surrendered to Agawam the former's interest in the securities was lost. The securities became then the unrestricted property of Agawam. Agawam turned them over to the McDonough Company in exchange for the latter's note with the same securities as collateral. There is no express finding as to the nature of this transaction, but we think it must have been either a purchase of the bonds and stock by the McDonough Company and payment for them by its note secured by the securities purchased, or the loan of the McDonough Company's credit to the Agawam Association which pledged its own securities with the accommodation note. The latter is the master's view. He finds, however, that Waldorf delivered the collateral to Agawam, and Agawam delivered it to the McDonough Company without any reservation of rights, so far as appears.

"Waldorf Systems, Inc., also knew of the arrangement because it delivered its collateral to representatives of the Agawam Racing & Breeders Association, Inc., and when representatives of all three corporations met on September 20, 1935, a representative of the Agawam Racing & Breeders Association, Inc., delivered the stock and bonds to the M. McDonough Co.

which had been used as collateral for the Waldorf Systems, Inc., loan, receiving a receipt therefrom, and at the same time receiving back from the M. McDonough Co. the promissory note for $147,500.

"In other words, the identical shares of stocks and bonds which had been put up as collateral security by Agawam Racing & Breeders Association, Inc., and held by Waldorf Systems, Inc., were first passed to the Treasurer of M. McDonough Co. and then passed back to the Agawam Racing & Breeders Association, Inc."

In the McDonough note on which the claim is based, there is no statement that the collateral is not the property of the McDonough Company; nor is there any statement or finding that Agawam lent the collateral to the McDonough Company or reserved any interest in it. It cannot be presumed, we think, in the absence of evidence or finding to that effect, that Agawam made any reservation of title or interest in the securities which it delivered to the McDonough Company in return for the latter's $147,500 note payable to Agawam. The facts clearly show that some property interest in the securities passed to the McDonough Company in exchange for its note. This being so it was not an accommodation note.

The intention may well have been as the master suggests to substitute McDonough for Agawam as debtor on the Waldorf claim. There was nothing illegal in such a transaction; it was merely a novation by which the creditor released one debtor and accepted another. It was purely incidental that the substituted debtor happened also to be the contractor. The details of the contract and the contractual relations are not involved. If the securities should sell for the amount of the note, the McDonough Company would lose nothing on the transaction; and if they should sell for more than the amount of the note, the profit, for aught that appeared, would belong to it. The creditor surrendered its Agawam note and collateral and received therefor a note signed by the McDonough Company with three indorsers.

█ It is well settled that where no fraud or chicanery appears courts should endeavor to construe business transactions so as to support the validity of them and carry out the intention of the parties. We think the master misconstrued the transaction; that there was no evidence before him warrant-

ing a finding that the note in question was given without consideration and as accommodation paper.

The decree of the District Court is reversed, and the cause is remanded to that court, with instruction to allow the claim; the appellant recovers costs of appeal.